MOORE, Judge.
Howard Ross appeals from a summary judgment entered by the Madison Circuit Court (“the trial court”) in favor of the City of Huntsville (“the City”). We affirm.
On August 20, 2010, Ross filed a complaint “for trespassing and restitution for damages due to the improper demolition by [the City] of a residential structure located on real property owned by Howard Ross and the improper addition of a demolition lien to the real estate taxes owed.” *1094 Ross alleged that the City failed to give him proper notice of the demolition of the structure. The City answered the complaint on October 11, 2010. On August 23, 2011, the City filed a motion for a summary judgment. In its summary-judgment motion, the City argued that it had complied with all the statutory notice requirements for demolition of the structure, see Ala.Code 1975, § 11-40-1 et seq., and that the City had had a lawful right to demolish the structure. The City attached to its summary-judgment motion, among other evidentiary submissions, the affidavit of Cheri Cunningham, who is employed as a “housing specialist II” in the City’s Office of Community Development and is “the custodian of the records relating to public nuisance abatement.” In her affidavit, Cunningham testified, in pertinent part:
“7. On March 6, 2008, the subject property was inspected by Duane Ma-haffey and Jim Martin. The unsafe condition of the structure located on the subject property was photographed....
“8. On March 6, 2008, placards were placed on said structure notifying the public [of] its unsafe condition.
“9. On March 10, 2008, Frank Lan-ford, Jr., a licensed third party contractor, completed a structural evaluation report determining that the subject property was not feasible for repair and/or rehabilitation....
“10. On March 17, 2008, the title to the subject property was searched. The following persons were listed as last assessing the subject property for state taxes and mortgagees: Lizzie Baker, Chester Lee Baker and Lou Gehrig Baker; Chester Lee Baker; and Am-south Bank a/k/a Regions Bank.
“11. On March 20, 2008, pursuant to Ala.Code (1975) § 11-40-30 et seq., the Office of Community Development sent Official Notice NO. 08-2905PNS to Lizzie Baker, Chester Lee Baker and Lou' Gehrig Baker; Chester Lee Baker; and Amsouth Bank a/k/a Regions Bank via certified mail with return receipt and first class mail. Official Notice NO. 08-2905PNS stated the municipal building official had determined that the subject structure was unsafe and constituted a public nuisance and gave until April 21, 2008, to demolish said nuisance. The official notice also set out the procedures to file an objection to the determination that the subject structure was unsafe and a public nuisance and to request a public hearing regarding same. The deadline to request a hearing was April 10, 2008....
“12. On March 20, 2008, Official Notice NO. 08-2905PNS was also posted at the entrance of the subject structure.
“13. On March 20, 2008, pursuant to Ala.Code (1975) § 11^40-30 et seq., the Office of Community Development filed a ‘Notice of Public Nuisance’ in the Probate Court of Madison County stating that the subject structure was unsafe for occupancy and use and constitutes a public nuisance....
“14. On April 15, 2008, I contacted the Administrative Aide to the Huntsville City Council and was informed that no one had filed an objection to the determination that the subject structure was unsafe and a public nuisance and/or requested a public hearing regarding same.
“15. On April 22, 2008, the Office of Community Development re-inspected the subject property and found that the nuisance had not been demolished or otherwise [abated],
“16. On April 25, 2008, the Office of Community Development sent notice that on May 15, 2008, the subject property would be presented to the Hunts *1095 ville City Council as a public nuisance for demolition and/or removal of the unsafe structure. Said notice advised of the right to appear at the meeting and address the Huntsville City Council concerning this matter. Said notice was sent via certified mail with return receipt and first class mail to: Lizzie Baker, Chester Lee Baker and Lou Gehrig Baker; Chester Lee Baker; and Am-south Bank a/k/a Regions Bank....
“17. On May 15, 2008, the Huntsville City Council passed Resolution 08-425 providing that the subject structure would be demolished' at the expiration of 10 days....
“18. No appeal of Resolution 08-425 was filed in the Circuit Court of Madison County within 10 day[s] as required by Ala.Code (1975) § 11-40-82.
“19. On June 23, 2008, the subject structure was demolished by [the] City of Huntsville, Public Works Department[,] and steps were subsequently taken to file an assessment against the subject property for the cost of demolition.”
On October 4, 2011, Ross filed a response to the City’s summary-judgment motion, arguing that the City had failed to give him notice of the demolition. He attached to his response, among other evi-dentiary submissions, his own affidavit, which stated, in pertinent part:
“3. On March 28, 2008, the Judge of Probate of Madison County ordered and decreed a sale of the property in question for delinquent City of Huntsville, Madison County, and State of Alabama taxes....
“4. On May 9, 2008, [Ross] purchased the property for the said delinquent municipal, and state taxes....
[[Image here]]
“7. On August 20, 2008[,] the [City] recorded a Notice of Property Assessment for the demolition of the residential structure in the name of the former owners....
[[Image here]]
“[9]. On November 24, 2008, [Ross] received a bill from the Madison County Tax Collector for a Demolition Lien on the property given to the said tax collector by the [City]. The tax collector added the amount of the Demolition Lien to the amount of real property taxes owed for the property....”
On November 21, 2011, the trial court entered a summary judgment in favor of the City. Ross filed a postjudgment motion on December 21, 2011; that motion was denied on January 5, 2012. On February 15, 2012, Ross filed his notice of appeal to the this court. This court transferred the appeal-to the Alabama Supreme Court for lack of subject-matter jurisdiction on March 16, 2012; the supreme court subsequently transferred the appeal back to this court, pursuant to Ala.Code 1975, § 12-2-7.
On appeal, Ross argues that the City was required to give him notice of the demolition of the structure. In support of his argument, he cites Ala.Code 1975, § 11-53B-3, which sets forth certain notice requirements that must be met before a municipality may demolish a structure; that section provides, in pertinent part:
“(a) Whenever the appropriate city official ... shall find that any building, structure, part of building or structure, party wall, or foundation situated in the city is unsafe to the extent that it is a public nuisance, the official shall give the person or persons, firm, association, or corporation who is the record owner, notice to remedy the unsafe condition of the building or structure by certified or registered mail to the owner’s last *1096 known address and to the owner at the address of the property....”
Ross further cites Pivirotto v. City of Pittsburgh, 515 Pa. 246, 251, 528 A.2d 125, 128 (1987), in which the Pennsylvania Supreme Court determined that a purchaser of property at a tax sale is an equitable owner of the property, thus entitling the purchaser to notice prior to demolition of a structure on that property. We note, however, that the present case is distinguishable from Pivirotto. In Pivirotto, the tax-sale purchaser had purchased the property at issue by the time the City of Pittsburgh sent the required notices. In the present case, however, at the time the required notices were sent, Ross had not yet purchased the property at the tax sale. Thus, the City in this case complied with the statute, and that compliance is not changed by the fact that Ross purchased the property after the notices had been sent.
Although Ross attempts to make additional arguments for the first time in his reply brief, “[w]e note the ‘well-established principle of appellate review that we will not consider an issue not raised in an appellant’s initial brief, but raised only in its reply brief.’ ” Kyser v. Harrison, 908 So.2d 914, 917 (Ala.2005) (quoting Brown v. St. Vincent’s Hosp., 899 So.2d 227, 234 (Ala.2004)). Thus, we decline to address those arguments.
Based on the foregoing, we conclude that Ross has failed to demonstrate error on appeal. Thus, we affirm the trial court’s summary judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.